OPINION
PER CURIAM.
Demetrius Bailey filed this pro se mandamus petition in this Court pursuant to 28 U.S.C. § 1651, seeking an evidentiary hearing on his assertion of innocence and his attorney’s alleged failure to file a brief in the Post Conviction Relief Court. For the reasons that follow, we will deny the petition.
In 1994, Bailey was convicted of felony murder and robbery. In 2001, after unsuccessfully seeking relief in state court, he filed a federal habeas corpus petition, which the District Court dismissed as untimely. Agreeing that the petition was untimely, this Court denied Bailey’s request for a certificate of appealability. Bailey subsequently challenged the District Court’s dismissal via Rule 60(b), without success. In 2007, Bailey filed a second habeas corpus petition, which the District Court dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b). This Court denied his request for a certificate of appealability, finding that his case qualified as second and successive under 28 U.S.C. § 2244. Bailey now files this writ of mandamus, pursuant to 28 U.S.C. § 1651 seeking “review and relief to a petition for writ of habeas corpus which has been denied.”
Mandamus is a drastic remedy available only in the most extraordinary of circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir.2005). It is not a substitute for an appeal. See In re Chambers Dev. Co., 148 F.3d 214, 226 (3d Cir.1998). “ ‘[O]nly exceptional circumstances amounting to a judicial ‘usurpation of power’ ... or a ‘clear abuse of discretion’ ... will justify the invocation of this extraordinary remedy.” Cheney v. *179 U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367, 380, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) (quoting Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 383, 74 S.Ct. 145, 98 L.Ed. 106 (1953); Will v. United States, 389 U.S. 90, 95, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967)). To obtain a writ, a petitioner must satisfy three conditions. First, “the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires.” Cheney, 542 U.S. at 380-81, 124 S.Ct. 2576. Second, the petitioner must satisfy “the burden of showing that [his] right to issuance of the writ is ‘clear and indisputable.’ ” Id. (quoting Kerr v. United States Dist. Court for Northern Dist. of Cal, 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976)). Third, the issuing court “must be satisfied that the writ is appropriate under the circumstances.” Id.
Bailey’s mandamus petition is essentially a request for an evidentiary hearing on his assertion of actual innocence and his attorney’s alleged failure to file a PCRA brief. Bailey’s writ of mandamus appears to be an attempt to litigate issues he already raised in his previous habeas corpus petitions or issues that are properly raised only in a habeas proceeding. Bailey’s request for an evidentiary hearing must be made in the context of a proper habeas corpus proceeding. See 28 U.S.C. § 2254(e); Rule 8 of the Rules Governing § 2254 Cases. Accordingly, we determine that Bailey has not met his burden of showing either that his right to the issuance of the writ is “clear and indisputable” or that he has no other adequate means to obtain the relief he seeks. As a result, we shall deny his mandamus petition.